

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK A. HARRIS, | ) | Case No. CV 11-7519-JVS (JPR) |
| Petitioner, | ) ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. |
| vs. | ) ) | MAGISTRATE JUDGE |
| MICHAEL D. McDONALD, Warden, | ) ) ) | |
| Respondent. | ) ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the U.S. Magistrate Judge.

On May 21, 2012, Petitioner filed objections to the Report and Recommendation. Petitioner contends, among other things, that the Magistrate Judge erred in concluding that Petitioner would have found out his lifetime parole status in 2005 had he attended his October 6, 2005 parole-review hearing. (Objections at 2-8.) He asserts that the Legal Status Summary ("LSS") document displaying his lifetime parole status was not "mandated to be maintained as part of an inmate's Cumulative Case Summary within the CDCR" at the time of his 2005 hearing, and thus he

1

would not have received that document and learned his parole status even had he attended the 2005 hearing. (Id. at 5 (emphasis in original).)

As an initial matter, that argument directly contradicts Petitioner's Opposition to Respondent's Motion to Dismiss, in which he stated that it "was and still is mandated by [15 C.C.R. § 3043(c)(5)(B)]," "since his inception in the State's corrections system," that he receive an LSS any time his release date, status, or credits were affected by a prison administrative action. (Opp'n at 6.) But in any event, as the Magistrate Judge noted in the Report and Recommendation, had Petitioner exercised due diligence and attended his parole hearing in 2005, he would almost certainly have found out his parole status; the fact that he may also have learned it had he been given an LSS does not diminish his obligation to have exercised due diligence by attending the 2005 hearing. The Court notes that the 2005 proceeding was styled "In the Matter of Life Term Parole Consideration of: MARK HARRIS, CDC Number E-46844." There is no reason to believe that either as a result of the case being called or otherwise Harris would not have learned that he had been sentenced to life parole had he attended the 2005 hearing.

Petitioner claims that no evidence exists that he would have learned of his lifetime parole status had he attended the 2005 hearing and notes that the transcript of the hearing shows it was not discussed. (Objections at 4; see also Lodged Doc. 10.) But of course had Petitioner attended the hearing it likely would have been discussed, particularly in light of his claims that the length of his parole has always been extremely important to him.

2

1. (See Pet. at 5d-e; Pet. Attach. 5 at 2-4); see also Buckley v.
2. Terhune, 266 F. Supp. 2d 1124, 1135 n.12 (C.D. Cal. 2002)
3. (petitioner who was misled regarding length of sentence when
4. pleading guilty discovered actual length of sentence when he
5. attended prison hearing), aff'd, 441 F.3d 688, 693 n.3 (9th Cir.
6. 2006). Further, Petitioner may well have received paperwork
7. showing the length of his parole had he attended the hearing,
8. just as he did when he attended his hearing in 2010. Section
9. 2244(d)(1)(D) provides that the limitation period shall commence
10. on the date a petitioner's claim "could have been discovered
11. through the exercise of due diligence" (emphasis added); it does
12. not require that the claim necessarily would have been
13. discovered. Thus, based on the language of the statute,
14. Petitioner need only have had the opportunity to discover his
15. claim through the exercise of due diligence. Petitioner had that
16. opportunity in 2005, but he chose not to exercise due diligence
17. by refusing to attend his hearing. Because the Court cannot
18. reconstruct what would have taken place at the 2005 hearing had
19. Petitioner attended, an evidentiary hearing also is not
20. warranted. The fact remains that Petitioner did not exercise due
21. diligence when he refused to attend.
22.     Having made a de novo determination of those portions of the
23. Report and Recommendation to which objections have been made, the
24. Court accepts the findings and recommendations of the Magistrate
25. Judge. IT THEREFORE IS ORDERED that (1) Respondent's motion to
26.
27.
28.

dismiss the Petition is GRANTED, (2) Petitioner's request for an evidentiary hearing is DENIED, and (3) Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: June 14, 2012

*[signature]*
JAMES V. SELNA
U.S. DISTRICT JUDGE